Niblack, J.
— Complaint by Isabel McClure against Archelaus Bailey and John Bailey, to obtain judgment on a promissory note, and to foreclose a mortgage executed to secure the payment of the note. The note was as follows :
“April 20th, 1876.
“Six years after daté we promise to pay to the order of Isabel McClure the sum of twenty-five hundred dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, bearing ten per cent, per annum from date, payable annually. In case of failure to pay interest when due, this note is to fall due and become payable at once. If the makers of this note should pay the same before it becomes due, which they have the privilege of doing at any time, ten per cent, per annum is to be deducted from the amount of said note for the unexpired time thereof.
“Arch. Bailey.
“Joi-ih Bailey.”
The defendants answered, that on the 10th day of May, 1876, desiring to pay the note, in accordance with the privilege reserved to them of doing so at any time, they tendered to the plaintiff the sum of twelve hundred dollars, in full payment of said note, which sum of money the plaintiff had *277 refused to accept. That sum of money was brought into court for the use of the plaintiff.
The court sustained a demurrer to the answer; and, the defendants declining to answer further, judgment was rendered against them for the full face of the note, with the sum of four hundred and sixteen dollars and sixty-six cents superadded for interest then due, and for a foreclosure of the mortgage.
The only error assigned is upon the decision of the court sustaining the demurrer to the answer. The appellants contend that, by the last clause of the note, the right was reserved to them to take up the note at any time, after its execution, by paying to the appellee the sum which would be found to remain after deducting ten per cent, per annum from the face of the note, that is,, from the principal secured by it, and that, in consequence of the right thus reserved to them, twelve hundred dollars was, more than sufficient to pay the note at the time of the tender of that sum to the appellee. But we can not agree to the construction of the note thus contended for. In common parlance, the “amount of a note” means the gross sum due upon it, both principal and interest, and we think the words, “the amount of said note,” contained in the concluding portion of the note, were used in that sense.
The construction we place upon the last clause of the note is, that the appellants had reserved to them the right to take up the note at any time, by paying the principal sum named in it, together with the interest due at the time of payment, •deducting only, and counting off, the ten per cent, interest per annum, which would otherwise thereafter have accrued upon the note. Any other construction, it seems to us, would do violence to the manifest intention of the parties to the note, and to the evident purpose for which the note was. •executed. We see no error in the record.
The appellees ask us to assess damages against the appel *278 lants upon an affirmance of the judgment, but, as the judgment bears interest at the rate of ten per cent, per annum,, we regard that as a reasonably sufficient penalty for the delay occasioned by this appeal.
The judgment is affirmed, with costs.